UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SCOTT LEDET ET AL** | **CASE NO. 2:23-CV-00319** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **USAA GENERAL INDEMNITY CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 11] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendant USAA General Indemnity Company ("USAA GIC"). Plaintiffs oppose the motion. Doc. 13.

### I.
#### BACKGROUND

This suit arises from damage to plaintiffs' home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At all relevant times, the home was insured under a policy issued by USAA Casualty Insurance Company ("USAA CIC"). Doc. 11, att. 3. Plaintiffs allege that their insurer failed to timely and adequately compensate them for covered losses. They filed suit on August 23, 2022, in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, against "USAA General Indemnity Company." Doc. 1, att. 1. There plaintiffs raised claims for breach of insurance contract and bad faith as well as under the Louisiana Unfair Trade Practices Act ("LUTPA"). *Id.* They also instructed the clerk of court to withhold service on USAA GIC for 90 days after filing of the complaint. *Id.* at 12.

USAA GIC was served through the Louisiana Secretary of State on February 6, 2023, 167 days after suit was filed. *Id.* at 1. It removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. It now moves for dismissal of the suit, asserting that plaintiffs have named the wrong defendant and any amendment to substitute the correct USAA entity would be futile since the claims have now prescribed. Doc. 11. Plaintiffs oppose the motion, maintaining that they should be permitted to amend the complaint. Doc. 13.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Unfair trade practices of insurance companies fall under the jurisdiction of the Louisiana Insurance Commissioner. *Cougle v. Berkshire Life Ins. Co. of Am.*, 429 F.Supp.3d 208, 219 (E.D. La. 2019). Accordingly, an insured has no cause of action under LUTPA against his insurer and any such claim must be dismissed under Rule 12(b)(6). *Id.*

Plaintiffs have raised bad faith and breach of contract claims against USAA GIC arising from an insurance policy issued by USAA CIC. Under Louisiana law, bad faith claims arise from "the contractual and fiduciary duty between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties." *Melendez v. S. Fid. Ins. Co.*, 503 F.Supp.3d 504, 509 (E.D. La. 2020) (quoting *Smith v. Citadel Ins. Co.*, 285 So.3d 1062, 1069 (La. 2019)). USAA GIC and USAA CIC are separate entities; even though they share a telephone number and parent company, they have separate NAIC numbers and were admitted as insurers with the Louisiana Department of Insurance over a decade apart. *See* doc. 11, atts. 4 & 5. The shared telephone number, similarity in names, and shared parent company are insufficient to justify disregarding the concept of corporate separateness; piercing the corporate veil is reserved for "exceptional

circumstances" and typically used when a company has employed the concept to "defeat public convenience, justify wrong, protect fraud, or defend crime." *Landry v. St. Charles Inn, Inc.*, 446 So.2d 1246, 1251 (La. Ct. App. 4th Cir. 1984); *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 335 (5th Cir. 2007). Likewise, affiliated entities may be treated as "single business enterprise" when necessary to "prevent[] fraud or achiev[e] equity." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d at 335 (internal quotations omitted). A finding of single business enterprise also depends on several factors relating to corporate relations under Louisiana law.[1] Such allegations are not made here, however, and it is clear from the policy that plaintiffs were insured by "USAA Casualty Insurance Company"—despite the similar acronyms between the two entities, the policy uses the full name of the company at the top of several pages, including the declarations sheet. *See* doc. 11, att. 2, p. 10. Accordingly, any claims raised against USAA GIC based on plaintiffs' homeowner's policy must be dismissed.

Plaintiffs' claims, if brought against the correct USAA entity, are subject to a two-year prescriptive period. La. Rev. Stat. 22:868(B); *see* doc. 11, att. 3. That time has run

---

[1] For a single business enterprise, these are:
> 1. corporations with identity or substantial identity of ownership, that is, ownership of sufficient stock to give actual working control; 2. common directors or officers; 3. unified administrative control of corporations whose business functions are similar or supplementary; 4. directors and officers of one corporation act independently in the interest of that corporation; 5. corporation financing another corporation; 6. inadequate capitalization ("thin incorporation"); 7. corporation causing the incorporation of another affiliated corporation; 8. corporation paying the salaries and other expenses or losses of another corporation; 9. receiving no business other than that given to it by its affiliated corporations; 10. corporation using the property of another corporation as its own; 11. noncompliance with corporate formalities; 12. common employees; 13. services rendered by the employees of one corporation on behalf of another corporation; 14. common offices; 15. centralized accounting; 16. undocumented transfers of funds between corporations; 17. unclear allocation of profits and losses between corporations; and 18. excessive fragmentation of a single enterprise into separate corporations.

*Andretti Sports Marketing La., LLC v. Nola Motorsports Host Committee, Inc.*, 147 F.Supp.3d 537, 557 (E.D. La. 2015) (quoting *Green v. Champion Ins. Co.*, 577 So.2d 249, 257–58 (La. Ct. App. 1st Cir. 1991).

based on the date of loss of August 27, 2020, because prescription was not interrupted by service on the correct party before August 27, 2022.[2] Under the doctrine of relation back, as governed by Federal Rule of Civil Procedure 15(c), an amended complaint that arises out of the same conduct, occurrence, or transaction as the original and would otherwise be time-barred may be treated as having been filed on the date of the original complaint. *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 926 F.Supp.2d 935, 946 (S.D. Tex. 2013). Rule 15 provides, in relevant part:

> (1) ***When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
> > (A) the law that provides the applicable statute of limitations allows relation back;
> > (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). As to subsection (C), the notice period provided by Rule 4(m) applicable to relation back is generally 120 days. *E.g.*, *Skoczylas v. Fed. Bureau of Prisons*,

---

[2] A plaintiff can interrupt prescription against one defendant by serving an entity so closely related to the correct defendant that service on one operates as service on the other. *Henderson v. Haza Foods of Louisiana, LLC*, 2018 WL 6570766, at *3 (E.D. La. Dec. 13, 2018). This, however, requires that the entities are "so intertwined that service on one apprises the other of the suit in a *legal* manner—meaning that they are essentially a single business operation." *Id.* (citing *Marin v. Mud Supply Co.*, 119 So.2d 484, 493 (La. 1959)) (emphasis in original). Here plaintiffs sued an entirely different corporate entity and have failed to put forth evidence to show that the two entities are a single business enterprise. Accordingly, service on USAA GIC did not interrupt prescription on USAA CIC, which had already run at any rate by the time the former was served.

961 F.2d 543, 545 (5th Cir. 1992). Furthermore, plaintiffs have the burden to demonstrate that an amended complaint relates back under Rule 15(c); otherwise, their claims against USAA CIC have prescribed. *See Al-Dahir v. F.B.I.*, 454 F. App'x 238, 242 (5th Cir. 2011).

There is no showing that USAA CIC had actual notice of the suit within the 120-day limit. Notice to the new defendant may be imputed where there is an identity of interests between it and the original defendant. *Jacobsen*, 133 F.3d at 320. But even if the court could make such a finding here, it would not rescue plaintiffs' claims—USAA GIC was also not served until well past Rule 4(m)'s time limit. Accordingly, any amendment seeking to raise claims against USAA CIC would be futile because those claims have prescribed.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 11] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 12th day of May, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**